AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Central District of California (Los Angeles) |
|---|---|---|

| Name *(under which you were convicted)*: <br> Andrew Tate | Docket or Case No.: <br> 2:20-cr-00543-SB-1 |
|---|---|

| Place of Confinement: <br> Federal Correctional Institution La Tuna | Prisoner No.: <br> 23607-112 |
|---|---|

| UNITED STATES OF AMERICA <br><br> V. | Movant *(include name under which convicted)* <br><br> ANDREW TATE |
|---|---|

2:26CV 7958-SB

**MOTION**

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 7 2026
CENTRAL DISTRICT OF CALIF.
BY ___ DEP

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   Central District of California in Los Angeles, CA. 90012

   (b) Criminal docket or case number (if you know): 2:20-cr-00543-SB-1

2. (a) Date of the judgment of conviction (if you know): 4/30/2024

   (b) Date of sentencing: 4/30/2024

3. Length of sentence: 144 months

4. Nature of crime (all counts):

   Count 1, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Cocaine, and Cocaine Base in the form of Crack Cocaine

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☐

Page 2

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?        Yes ☑        No ☐

9. If you did appeal, answer the following:
    (a) Name of court:    Ninth Circuit Court of Appeals
    (b) Docket or case number (if you know):    24-2912
    (c) Result:  Voluntarily dismissed
    (d) Date of result (if you know):  7/17/2025
    (e) Citation to the case (if you know):
    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐        No ☑
        If "Yes," answer the following:
        (1) Docket or case number (if you know):
        (2) Result:

        (3) Date of result (if you know):
        (4) Citation to the case (if you know):
        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐        No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

Page 3

AO 243 (Rev. 09/17)

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ☐        No ☐

(2) Second petition:       Yes ☐        No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**   Movant Tate contends that his ex-lawyer provided him with ineffective assistance of counsel by failing to conduct legal research; properly examine Count 1, Conspiracy; and failed to file a pre-trial Motion to Dismiss Legally Insufficient Indictment as to Count 1, Conspiracy in which violates his

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On November 03, 2020, the Grand Jury returned a 32-count Indictment against Mr. Tate and his nine co-defendants charging them with multiple drug counts and firearm counts (Doc. # 1). On November 18, 2020, Mr. Tate appeared for his post-indictment Arraignment before U.S. Magistrate Judge John E. McDermott and he was ordered permanently detained pending trial (Doc. # 84 and 93). On August 23, 2022, Mr. Tate entered a plea of guilty as to Count 1, Conspiracy and accepted a Plea Agreement by the United States (Doc. # 510 and 516). On July 17, 2023, Notice of Motion and Motion to Withdraw Plea of Guilty (Doc. # 642); and after full briefing and a hearing this Court denied Motion to Withdraw Plea of Guilty on February 9, 2024 (Doc. # 663). On October 10, 2023, a Sentencing Memorandum was filed by Mr. Tate (Doc. # 655), and on October 10, 2023, the United States filed their Sentencing Memorandum (Doc. # 656). On April 16, 2024, Mr. Tate filed a Memorandum of Law (Doc. # 671), and on April 18, 2024, the United States filed their Sentencing Memorandum (Doc. # 672). On April 30, 2024, this Court sentenced Mr. Tate to 144 months of imprisonment and five years of supervised release (Doc. # 675 and 676). On May 06, 2024, a timely Notice of Appeal was filed and in forma pauperis was granted (Doc. # 678). On July 17, 2025, the Ninth Circuit Court of Appeals granted his Motion for Voluntary Dismissal and he now files his federal post-conviction remedy (Doc. # 22.1).

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐     No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3)  Did you receive a hearing on your motion, petition, or application?
Yes ☐     No ☐

Page 5

## Continuation of Ground One:

Sixth Amendment rights of the U.S. Constitution.

## Continuation of Ground One Supporting Facts:

To prove ineffective assistance of counsel in the guilty-plea context the movant must prove first that:

**(1)** Counsel's advice and performance fell below an objective standard of reasonableness;

In the instant case, Movant Tate states that his ex-lawyer provided him with 'deficient performance' by failing to conduct adequate legal research; failing to thoroughly review his Indictment; and failing to file a pre-trial Motion to Dismiss Legally Insufficient Indictment as to Count 1, Conspiracy as it fails to charge a federal offense by omitting and failing to put him on adequate notice to prepare a defense as follows:

## Count One

[21 U.S.C. 846]

[DEFENDANTS TATE, REED, HILL, LOPEZ, AGUILAR, ORTEGA, SANTOS, and VIDAL]

A.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about May 22, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendants ANDREW TATE, also known

6

as ("aka") "Batman," BOBBY LORENZO REED, aka "Zo" and "Z," WILLIE ALSHA HILL, aka "Keith," "Big Smoke," and "Smeezy," JESSIE CERVANTES LOPEZ, MANUAL ANTONIO AGUILAR, aka "Shaggy," HECTOR DAVID ORTEGA, aka "Franky," HEWER BERLANY SANTOS, aka "Eduardo," and ARMANDO MANUEL VIDAL, aka "Big Boy," conspired with others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute:

1. **at least 50 grams of methamphetamine,** a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a) (1), (b) (1) (A) (viii);

2. **at least 28 grams of a mixture and substance** containing a detectable amount of cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Sections 841 (a) (1), (b) (1) (B) (iii); and

See Indictment, at Doc. # 1, Page ID #: 2

(1) Count 1, Conspiracy is legally insufficient because of the time frame of the conspiracy as to a start date is omitted altogether and fails to place Mr. Tate on **NOTICE** of any particular start date of the conspiracy offense, thus, the substantial safeguards fails to place notice of the start date of the conspiracy and relief should be granted consistent with the Ninth Circuit's precedents. See United

7

States v. Cecil, 608 F.2d 1294, 1296-97 (9th Cir. 1979) (the Ninth Circuit REVERSED due to the Insufficiency of the Indictment as to Count II he was charged as follows:

That beginning on or before July 1975, and continuing thereafter until October, 1975, in the District of Arizona and elsewhere, LEONARD SILAS JOHNSON, FELIX DAN CECIL, DONALD LEE SCHAFFER, IVA LEE THUNDERCLOUD, LYNN RICHARD JOHNSON, RANDY DARRELL THOMAS, WARREN ARTHUR HAGGARD, KENNY ROBERT JAMES, SILAS BLAINE JOHNSON, TONY JOHNSON, and LIONEL JOHNSON, named herein as defendants, did knowingly and intentionally conspire and agree together and with each other and with various other persons both known and unknown to the Grand Jury to commit offenses in violation of Title 21, United States Code, Section 841 (a) (1).

It was the object of said conspiracy that one or more of the co-conspirators would possess with intent to distribute and would distribute quantities of marijuana, a Schedule 1 controlled substance, in violation of Title 21, United States Code, Section 841 (a) (1). All in violation of Title 21, United States Code, Section 846.

The Ninth Circuit Court of Appeals held that Cecil's Indictment failed to provide "the substantial safeguards" specifically holding that the indictment fails to state any other facts and circumstances

8

pertaining to the conspiracy or any overt acts done in furtherance thereof; and more importantly, the indictment fails to place the conspiracies within any time frame. The language "beginning on or before July 1975, and continuing thereafter until on or after October, 1975," is open-ended in both directions.

Thus, the Ninth Circuit REVERESED holding specifically: "The requirement that an indictment contain a few basic factual allegations accords defendants adequate notice of the charges against them and assures them that their prosecution will proceed on the basis of facts presented to the grand jury. Such a requirement burdensome nor unfair to the prosecuting authorities. Accordingly, we reverse.").

Consistent with the Ninth Circuit's Ruling in **Cecil,** thus, as the result of Mr. Tate's Count 1, Conspiracy fails to place him on **NOTICE** of any specific start date (but places him on notice of no start date at all), thus, rendering it legally insufficient in violation of his Fifth and Sixth Amendment rights of the U.S. Constitution. See **Cecil,** 608 F.2d 1294, 1296-97 (9th Cir. 1979).

(2) Count 1, Conspiracy fails to track the statutory language of 50 Grams **or More** of methamphetamine and 28 Grams **or More** of Cocaine Base "Crack" in which is required to trigger a mandatory minimum sentence, thus, rendering the Count 1, Conspiracy

9

legally insufficient as to the threshold quantity required to be listed in the indictment. See United States v. Gonzalez, 686 F.3d 122, 127 (2d Cir. 2012) (Count 1, Conspiracy fails to place him on notice of an allegation that 500 or more grams of cocaine were involved, thus, the Second Circuit held that Gonzalez should instead have been sentenced under Section 841 (b) (1) (C). The matter is remanded for resentencing as indicated above.).

Movant Tate, asserts that the pre-trial error(s) rendered above herein amounts to 'deficient performance' in which satisfies the first prong of the **Hill** test. **Hill,** 474 U.S. 52, 58 (1985).

Movant Tate, argues firmly that actual prejudice exists as there is a reasonable probability that Andrew Tate's guilty plea was entered unknowingly and unintelligently (as absent his ex-lawyer's erroneous advisement to plead guilty to a fatally defective Indictment he never would have, thus, impacted his decision-making), would have not pleaded guilty absent his ex-lawyer's 'deficient performance,' thus, he would have insisted on going to Jury Trial as he suffers from ineffective assistance of counsel in violation of his Sixth Amendment rights of the U.S. Constitution in the matter herein. Mr. Tate's guilty plea was tainted by ineffective assistance of counsel, thus, a prompt Evidentiary Hearing is warranted to resolve his colorable Ground One claim in the case at

10

bar. See **Hill,** 474 U.S. at 59 (1985).

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**          Movant Tate asserts that his ex-lawyer provided him with sentencing phase ineffective assistance of counsel in violation of his Sixth Amendment rights of the U.S. Constitution.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

On November 03, 2020, the Grand Jury returned a 32-count Indictment against Mr. Tate and his nine co-defendants charging them with multiple drug counts and firearm counts (Doc. # 1). On November 18, 2020, Mr. Tate appeared for his post-indictment Arraignment before U.S. Magistrate Judge John E. McDermott and he was ordered permanently detained pending trial (Doc. # 84 and 93). On August 23, 2022, Mr. Tate entered a plea of guilty as to Count 1, Conspiracy and accepted a Plea Agreement by the United States (Doc. # 510 and 516). On July 17, 2023, Notice of Motion and Motion to Withdraw Plea of Guilty (Doc. # 642); and after full briefing and a hearing this Court denied Motion to Withdraw Plea of Guilty on February 9, 2024 (Doc. # 663). On October 10, 2023, a Sentencing Memorandum was filed by Mr. Tate (Doc. # 656). On April 16, 2024, Mr. Tate filed a Memorandum of Law (Doc. # 671), and on April 18, 2024, the United States filed their Sentencing Memorandum (Doc. # 672). On April 30, 2024, this Court sentenced Mr. Tate to 144 months of imprisonment and five years of supervised release (Doc. # 675 and 676). On May 06, 2024, a timely Notice of Appeal was filed and in forma pauperis was granted (Doc. # 678). On July 17, 2025, the Ninth Circuit Court of Appeals granted his Motion for Voluntary Dismissal and he now files his federal post-conviction remedy (Doc. # 22.1).

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

Page  12

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## **Continuation of Ground Two Supporting Facts:**

In Mr. Tate now files his pro se 2255 Motion to Vacate in which raises sentencing phase ineffective assistance of counsel in violation of his Sixth Amendment rights as outlined below herein. (1) counsel's performance "fell below an objective standard of reasonableness," see **Strickland,** 466 U.S. at 687-88 (1984);

In the instant case, Movant Tate contends that his ex-lawyer provided him with 'deficient performance' as outlined as follows: **(1)** Failing to file PSR Objection; raise within Sentencing Memorandum and during Sentencing Hearing as to the drug quantity relevant conduct in which was not supported by confirmed DEA or other Laboratory Reports. See United States v. Castaneda, 906 F.3d 691, 692 (7th Cir. 2018); and United States v. Carnell, 972 F.3d 932 (7th Cir. 2020). Furthermore, Mr. Tate's ex-lawyer should have objected to the PSR as to the total relevant conduct that is reliable and accurately represents the conspiracy's total drug weight. See United States v. Yates, ___ F.4th ___, 2024 U.S. App. LEXIS 8757 (7th Cir. 2024) (the Seventh Circuit held that: "The district court concluded that the five tested samples—the only evidence of purity besides the types of evidence we found insufficient in **Carnell** – reliably and accurately represented the conspiracy's total drug weight. We find instead that the government

14

did not meet its burden here. The tested samples represented a small fraction—one week—of the conspiracy's thirteen-month duration. One week out of fifty-six is not representative without evidence that the conspiracy consistently dealt with methamphetamine of similar purity....... Such evidence was absent here. Nothing in the record—neither the varying seized amounts, the different sellers, nor consistency in tests results—justifies the inference that a week's worth of methamphetamine represented what the conspiracy dealt with during the rest of its thirteen-month run. VACATED and REMANDED for full resentencing hearing.).

**(2)** Failing to file PSR Objection; raise within Sentencing Memorandum; and during Sentencing Hearing as to the Court not employing the proper application of Amendment 790, regarding the three-part prong test. Consistent with USSG 1B1.3 (a) (I) (B), the district court **must** make individualized findings on the record concerning the scope of criminal activity each particular defendant agreed to jointly undertake, as it now so requires. See United States v. Barona-Bravo, 685 Fed. Appx. 761, 779-782 (11th Cir. 2017) (Section 1B1.3 (a) (1) (B) now defines "relevant conduct" in the case of jointly undertaken criminal activity to include: all acts or omissions of others that were (i) within the scope of the jointly undertaken criminal activity, (ii) in

15

furtherance of that criminal activity, and (iii) reasonable foreseeable in connection with that criminal activity. VACATED and REMANDED for resentencing to adhere to the three-part test); and United States v. McReynolds, 964 F.3d 555, 563-567 (6th Cir. 2020) (Requiring the district court to employ Section 1B1.3 (a) (1) (B) three-part test, thus, the Sixth Circuit VACATED and REMANDED for resentencing hearing).

**(3)** Failing to request an "downward variance" for pre-trial harsh confinement through COVID-19 pandemic. The Seventh Circuit has considered harsh conditions of confinement as a valid factor supporting a shorter custodial sentence, see United States v. Spano, 476 F.3d 476, 479 (7th Cir. 2007). **During the COVID-19 pandemic the Government were actually recommending to federal judges that criminal defendants receive "downward variance" based upon the COVID-19 pandemic and the harsh conditions of confinement.** See United States v. Estrada, 2021 U.S. Dist. LEXIS 80602, 2021 WL 1626309 (S.D. Cal. Apr. 27, 2021) (the court departed from Guideline range of 46-57 months and imposed a non-guideline sentence of 24 months in part due to conditions of confinement were particularly harsh during the pandemic); and United States v. Dones, 2021 U.S. Dist. LEXIS 243953, 2021 WL 6063238, at * 5 (D. Conn., Dec. 22, 2021) ("the

16

Court will reduce Mr. Done's sentence [from a term of 100 months] to a term of sixty months to reflect the extraordinary conditions to which he has been subjected.").

**(4)** Failing to request that the Court reject or vary from Section 3B1.1 adjustment on policy grounds as it lacked a reliable empirical basis.

Movant Tate contends that his former attorney failed to request a "downward variance" in light of the U.S. Supreme Court Rulings in Kimbrough v. United States, 552 U.S. 85 (2007); and Spears v. United States, 555 U.S. 261 (2009), a district court has the authority to reject or vary from the Sentencing Guidelines on policy grounds. Federal courts have held that a district court may reject or vary from the manager or supervisor enhancement on policy grounds because the enhancements lacked a reliable empirical basis. See United States v. Montague, 438 Fed. Appx. 478, 482-484 (6th Cir. 2011) (Because the district court did not appreciate its authority to reject or vary from the stolen-firearm enhancement on policy grounds, we are required to vacate the district court's sentence and remand to the district court for resentencing.). Movant Tate, argues that his former attorney should have argued within his Sentencing Memorandum and at his Sentencing Hearing that the district court should vary or reject the three enhancements as the result of the lacked a reliable empirical basis.

17

Movant Tate, asserts that his ex-lawyer provided him with 'deficient performance' by failing to object to the PSR as articulated above herein; failing to include the above herein points of error within Sentencing Memorandum and failing to raise points of error at his Sentencing Hearing in which satisfies the first prong of the **Strickland** test. **Strickland,** 466 U.S. 668, 687-88 (1984). **(2)** that the deficient performance prejudiced him as there is a reasonable probability that absent counsel's errors Movant's federal sentence would have been shorter, see **Glover,** 531 U.S. 198, 203-04 (2001);

Actual prejudice exists as absent his ex-lawyer's 'deficient performance' there is a reasonable probability that his 151-month federal sentence would have been lesser in which constitutes ineffective assistance of counsel in violation of his Sixth Amendment Rights of the U.S. Constitution. See **Glover,** 531 U.S. 198, 203-04 (2001); and **Conley,** 349 F.3d 837, 842 (5th Cir. 2003) (And, of course, "any amount of actual jail time has Sixth Amendment significance.").

18

AO 243 (Rev. 09/17)

**GROUND THREE:**   Movant Tate states that he is currently attacking his 2002 federal Section 922 (g) (1) conviction via federal post-conviction remedy, thus, if he succeeds it would render Mr. Tate entitled to be resentenced without consideration of criminal history points he was assessed for prior federal

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

On November 02, 2020, the Grand Jury returned a 32-count Indictment against Mr. Tate and his nine co-defendants charging them with multiple drug counts and firearm counts (Doc. # 1). On November 18, 2020, Mr. Tate appeared for his post-indictment Arraignment before U.S. Magistrate Judge John E. McDermott and he was ordered permanently detained pending trial (Doc. # 84 and 93). On August 23, 2022, Mr. Tate entered a plea of guilty as to Count 1, Conspiracy and accepted a Plea Agreement by the United States (Doc. # 510 and 516). On July 17, 2023, Notice of Motion and Motion to Withdraw Plea of Guilty on February 9, 2024 (Doc. # 663). On October 10, 2023, a Sentencing Memorandum was filed by Mr. Tate (Doc. # 656). On April 16, 2024, Mr. Tate filed a Memorandum of Law (Doc. # 671), and on April 18, 2024, the United States filed their Sentencing Memorandum (Doc. # 672). On April 30, 2024, this Court sentenced Mr. Tate to 144 months of imprisonment and five years of supervised release (Doc. # 675 and 676). On May 06, 2024, a timely Notice of Appeals was filed and in forma pauperis was granted (Doc. # 678). On July 17, 2025, the Ninth Circuit Court of Appeals granted his Motion for Voluntary Dismissal (Doc. # 22.1) and he now files his federal post-conviction.

(b)  **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

## Continuation of Ground Three:

2002, Section 922 (g) (1) conviction and pursuant to United States v. Johnson, 544 U.S. 295 (2005), he could re-apply for his federal sentence to be reopened. This Honorable Court should employ a stay-and-abeyance procedure to protect Mr. Tate's claim herein.

## Continuation of Ground Three Supporting Facts:

Mr. Tate states that he has secured all available federal records and has filed a Petition for Writ of Error Coram Nobis and he has just filed a Renewed Petition for Writ of Error Coram Nobis as the Section 922 (g) (1) conviction is "unlawful" in the case herein.

Movant Tate contends that the Seventh Circuit Court of Appeals held in United States v. Purvis, 662 F.3d 939, 944-45 (7th Cir. 2011), that a district court should consider employing a stay-and-abeyance procedure when a petitioner has a pending federal post-conviction remedy to protect the claim. Because Andrew Tate's **Johnson** claim is unripe. It is respectfully requested that this Honorable Court employ a stay-and-abeyance procedure to protect his claim in the interests of justice in the case herein.

20

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Page  21

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One and Two, are claims of ineffective assistance of counsel against former attorney and Ground Three raising a claim to reopen his federal sentence after potentially having his prior Section 922 (g) (1) conviction vacated as "unconstitutional".

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

None

(b) At the arraignment and plea:

Attorney Damon L. Hobdy; 686 S. Arroyo Parkway, Ste. 189; Pasadena, CA. 91105

(c) At the trial:

(d) At sentencing:

Attorney Peter Johnson; 409 N. Pacific Coast Hwy.; Ste. 651; Redondo Beach, CA. 90277

(e) On appeal:

Attorney Ellis M. Johnson, III; 302 Washington Street; Ste. 626; San Diego, CA. 92103

(f) In any post-conviction proceeding:

None

(g) On appeal from any ruling against you in a post-conviction proceeding:

None

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Movant Tate states that he was sentenced on April 30, 2024 (Doc. # 675), and he filed a timely Notice of Appeal, however, he voluntarily dismissed his Direct Appeal and such motion to dismiss was granted by the Ninth Circuit Court of Appeals on July 17, 2025 (Doc. # 22.1), thus, his conviction became final having one year to file a timely 2255 Motion by July 17, 2026, therefore it is being timely filed in the case herein.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Movant Tate, respectfully requests that his Count 1, Conspiracy Guilty Plea is permitted to be withdrawn to cure pre-plea ineffectiveness or VACATE his 151-month federal sentence to cure sentencing phase ineffectiveness or conduct a prompt evidentiary hearing;

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____*July*___*14, 2026*_____.
(month, date, year)

Executed (signed) on _____*July 14, 2026*_____ (date)

x _*Andrew Tate*_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# ATTACHMENT A

## Affidavit of Andrew Tate

I, Andrew Tate, swear and declare under penalties of perjury that my statements below herein are true to the best of my knowledge, information and belief.

My Affidavit is being submitted to support my Pro Se 2255 Motion To Vacate, thus, if called to testify at an Evidentiary Hearing, I will testify in accordance with my statements below herein.

1. I, Andrew Tate, asserts that regarding Ground One, I suffer from ineffective assistance of counsel as my former attorney failed to conduct legal research, failed to thoroughly review Count 1, Conspiracy of my Indictment, and failed to file a pre-trial Motion To Dismiss Legally Insufficient Count 1, Conspiracy charge in which violates my Sixth Amendment rights of the U.S. Constitution.

2. I, Andrew Tate, states that regarding Ground Two, I suffer from sentencing phase ineffective assistance of counsel and absent such 'deficient performance' there is a reasonable probability that my 151-month federal sentence would have been lower in which amounts to a violation of my Sixth Amendment rights of the U.S. Constitution.

3. I, Andrew Tate, contend that regarding Ground Three this Court should grant a stay-and-abeyance procedure to protect claim for my pending state post-conviction remedies as the interests of justice

1

demand such a result in this matter.

4. A prompt Evidentiary Hearing should be conducted to resolve the merits of my colorable Grounds One through Three, as to my 2255 Motion to Vacate in the case at bar.

I, Andrew Tate, declare and verify that under penalty of perjury pursuant to 28 U.S.C. 1746 (1), under the laws of the United States of America that my above statements herein are true and correct.

Executed on ___July___, _13th_, 2026.

Respectfully submitted,

_Andrew Tate_

Mr. Andrew Tate

# 23607-112

FCI-La Tuna

P.O. Box 3000

Anthony, NM 88021

2

FROM:

New

# PRIORITY
## ★ MAIL ★

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Mr. Andrew Tate
#23607-112
Federal Correctional Institution
P.O. Box 3000
Anthony, NM 88021

TO: Clerk of the Court
U.S. District Court
350 W. 1st Street
Los Angeles, CA. 90012

RECEIVED
CLERK, U.S. DISTRICT COURT

JUL 17 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

UNITED STATES
POSTAL SERVICE®

Retail

**P** US POSTAGE PAID
**$12.90**
Origin: 48917
07/14/26
2552780203-46

PRIORITY MAIL®

0 Lb 6.20 Oz
**RDC 03**

C058



EXPECTED DELIVERY DAY: 07/17/26

SHIP
TO: 350 W 1ST ST
LOS ANGELES CA 90012-4536



USPS TRACKING® #

9505 5128 2183 6195 0248 37



Expected delivery date specified

Domestic shipments include $1

USPS Tracking® service included

Limited international insurance.

When used internationally, a cus

Insurance does not cover certain items. F
Domestic Mail Manual at http://pe.usps.cc
** See International Mail Manual at http://t

# FLAT RATE ENV
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSU

PS00001000014



